IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MAR - 5 2020

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRODIE SHAW THOMSON,<br><br>Defendant. | **UNDER SEAL**<br><br>Case No. 1:20-cr-67 |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to seal the indictment, the arrest warrant, the motion to seal, and the Order until the defendant is arrested.

**I.     REASONS FOR SEALING** (Local Rule 49(B)(1))

1. The Defense Criminal Investigative Service has been investigating the defendant, a former vice-president at a Department of Defense contractor, for the kickback and fraud offenses alleged in the indictment against him. The defendant is a United States citizen who is currently out of the country, but expected to return soon. A witness who worked with the defendant recently reported that the defendant had told the witness to destroy a computer that contained evidence relating to the charges   Accordingly, the government does not want the defendant to become aware that there is an outstanding arrest warrant for him. The government is concerned that if the defendant becomes aware of an outstanding warrant for his arrest, he will not return to the area and will have an opportunity to destroy, or ask others to destroy, evidence. The government, therefore, requests that this matter be sealed until the defendant's arrest.

**II. REFERENCES TO GOVERNING CASE LAW** (Local Rule 49(B)(2))

2. The Court has the inherent power to seal indictments. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the indictment is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

3. The indictment would need to remain sealed until the defendant is arrested.

4. Upon occurrence of the event specified in paragraph 2, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

5. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the indictment, arrest warrant, and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By: /s/ Heidi B. Gesch
Heidi Gesch
Assistant United States Attorney